DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 09-00025 |
|---|---|
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| DENNIS CHARLES PEREZ, | ) |
| Defendant. | ) |

The court heard the Defendant's motion for release on June 4, 2009 and took the matter under advisement. The court, having reviewed the moving papers, the evidence presented, the report by pretrial services, and other relevant information, issues the following decision.

## BACKGROUND

Dennis Charles Perez, the Defendant herein, was indicted on May 13, 2009 for Possession with Intent to Distribute over five (5) grams of Methamphetamine Hydrochloride. Prior to his indictment, he was arrested pursuant to a complaint filed on May 8, 2009 which charged him with Attempted Possession with Intent to Distribute Methamphetamine. At his initial hearing, the court detained the Defendant finding that he had not rebutted the presumption of being a danger to the community. Defendant has since moved for release and has proposed as a condition of his release that he remain in the custody of a designated person (third party custodian), that he be placed under electronic monitoring, and that other typical release conditions be imposed upon him.

The government has opposed the motion for release. In its opposition, the government points out that Defendant was convicted for Possession of Drugs in 1994 in this District. He was

sentenced to imprisonment and served his supervised release term in the state of Washington. While in Washington, he was convicted of Assault and Domestic Violence as a Misdemeanor in 2006; Drug Paraphernalia as a Misdemeanor in 2006; Forgery as a Felony in 2007; Assault and Domestic Violence as a Misdemeanor in 2007; violation of a Domestic Violence Order in 2007; and Driving Under the Influence as a Misdemeanor in 2008. The government further points out that the Defendant violated court orders on three separate occasions. Further, at the conclusion of its arguments, the government advised the court that the Defendant told one agent who participated in his arrest that he, the agent, better watch out for himself. In addition, during the events of his arrest, the Defendant told his companion who had accepted a package which was meant for the Defendant not to say anything to the agents and to keep quiet regarding the incident.

## DISCUSSION

The Defendant is charged with Possession with Intent to Distribute more than five (5) grams of Methamphetamine Hydrochloride. The penalty for this offense is imprisonment for not less than five nor more than forty (40) years. Because the maximum term of imprisonment exceeds more than ten (10) years, the rebuttable presumption established by 18 U.S.C. § 3142(e) is triggered. The presumption is that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community". Once the presumption is established the government need not produce any further evidence for detention to result. To obtain his release the Defendant must produce some evidence to rebut the presumption. The burden then shifts back to the government to establish whether the Defendant is either a flight risk or a danger to the community. If rebutted, the presumption does not disappear but continues to have evidentiary weight, assisting the government. See U.S. v. Clark, 791 F. Supp 259, 260 (E.D. Wash. 1992); U.S. v. Hir, 517 F. 3d 1081 (9th Cir. 2008).

Under the *Hir* case, supra, if the defendant proffers evidence to rebut the presumption of dangerousness, the court must consider the four factors specified in 18 U.S.C.§3142(g) in determining pretrial release or detention. These factors are the following: (1) the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug;

(2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Applying these factors, the court finds that the Defendant is charged with a very serious crime. He faces a minimum of five years to a maximum of forty years on the charge alone. If his previous drug conviction is taken into consideration, he faces a minimum ten years incarceration and a maximum of not more than life imprisonment.

Applying the second factor, the court finds that weight of the evidence against him to be strong. The complaint filed herein on May 8, 2009 shows his actions in relation to the charge against him. There has already been a statement made against him by his companion on the date of the incident of the arrest. The court has been advised during the bail hearing that the Defendant appeared to have threatened an agent when arrested and told his companion not to say anything to the agents and to remain quiet.

Applying the third factor, the court finds that the Defendant has a prior conviction for a drug offense in this District. He was sentenced to 71 months imprisonment and 48 months of supervised release. He has also committed the crimes in the State of Washington as stated above. He thus has a history of drug and alcohol abuse. He has failed to obey court orders on three separate occasions while in the State of Washington.

Applying the fourth factor, the court finds that the Defendant poses a danger to persons and the community in general. Defendant, although imprisoned in this District for his prior drug offense, served his supervised release in the State of Washington. While there, he engaged in other crimes. The court notes that the package that was sent to him which contained methamphetamine was mailed from the State of Washington, where the Defendant had been residing for several years after his release from imprisonment. The sender of the package may have been a fictitious person since the sender did not reside at the residence stated in the return

address. The package was not addressed to the Defendant's name but addressed to a deceased person and to an address which was not the Defendant's. Defendant had a companion to assist him in his scheme to receive the package so as to avoid any direct connection with the package. As stated above, the Defendant allegedly threatened an agent while being arrested and told his companion not to say anything to the agents regarding the incident of the mailed package. The companion, however, made statements to the agents of what had occurred and the Defendant's role in obtaining the package which was not addressed to him. Based upon these finding, the court finds that the Defendant poses a danger to these persons if released and the community in general based upon his drug-trafficking enterprise.

In assessing the four factors, the court thus finds that all four factors weigh against the release of the Defendant. Based upon these factors, the court finds that the Defendant poses a danger to the community.

Defendant submits that he should be released because he has provided a third-party custodian deemed appropriate by pretrial services. In addition to the third-party custodian, he proposes electronic monitoring and the imposition of other conditions which would normally attach when a defendant is released pending trial. If imposed upon the Defendant, it is argued that the court must release the Defendant because the imposition of these conditions will reasonably assure the safety of any other person and the community.

The Defendant has designated his girlfriend as his third-party custodian. She is employed as a salesperson at a shipping company. She maintains a home in Perez Acres, Yigo and resides in that house with her two children who are 20 and 12 years of age respectively. Her parents live in very close proximity. Her residence has been found to be suitable for electronic monitoring services. To qualify as a suitable designated person under §3142(c)(1)(B)(1) of the bail statute, the designated person must assure the court that the Defendant will not pose a danger to the safety of any other person or the community. Defendant's designated person (his girlfriend) advised the court that she intends to assure the court that the Defendant will not pose a danger to any person and the community by placing rules upon the Defendant. The Defendant would be required to comply with those rules. Otherwise, she would report any violation. In assessing her

ability to assure the court that the Defendant would not pose a danger to any person or the community, the court notes that the proposed third-party custodian is working. Compliance with her rules depends solely upon Defendant's good faith efforts in complying. She did not specify what her rules would be and how such rules would curb or monitor activities that Defendant had previously been engaged in. With that response and in light of the fact that she is a working person, the court finds that it has not been assured that the Defendant would not pose a danger to any other person or the community. Again, the court points out that it has not been assured because its success depends solely on Defendant's good efforts in complying. Reliance on the good faith effort on the part of the Defendant to perform is not an assurance.

The court notes that placing the Defendant and ordering him to remain in the custody of a designated person (his girlfriend) who would supervise him, placing him on electronic monitoring, and further imposing all other conditions that would normally attach to the release of a defendant would indeed impose strict measures. However, in order for these conditions to be effective, they depend on the Defendant's "good faith compliance". The court seriously questions whether the Defendant would comply in good faith with these conditions and at the same time with the rules that the third party custodian would impose. The court finds that based upon the reasons stated above, there is an unacceptable risk that Defendant will not comply. See U.S. v. Hir, supra. Thus, the court finds that there is no condition or combination of conditions which will assure that the Defendant will not pose a danger to any person and the community.

In arriving at this conclusion, the court is mindful that this is Defendant's second indictment on a drug charge. He has pled earlier to a drug offense and was sentenced to 71 months imprisonment with 48 months of supervised release. Since then, he has committed several offenses in the State of Washington. He has failed to obey court orders on three separate occasions in the said state. He faces a maximum of life imprisonment if the prior drug charge is taken into consideration. He has allegedly threatened an agent during the course of his arrest and told his companion not to say anything about the package incident to the agents.

The conditions which would be imposed would not impede his ability to communicate or hinder his ability to continue his drug trafficking. His source of supply comes from the State of

1 Washington. There is nothing which could be proposed which would prevent him from contact
2 with those sources. The fact that the third-party custodian lives in a gated community would not
3 prevent the Defendant from having visitors. But more importantly, his past conduct and criminal
4 history, gives little credence that Defendant will comply with conditions of release.

CONCLUSION

Based upon the reasons stated herein above, the court finds that there is no condition or combinations of conditions, which if imposed upon the Defendant, will reasonably assure the safety of any person and the community. Having made such a finding, the court must continue to detain the Defendant. The Defendant's motion for release is therefore denied.

Dated this 5th day of June, 2009.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**